**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MAURICE M. YOUNG,

          Plaintiff,

          v.

MATTHEW SCHLUSSELFELD, *et al.*,

          Defendants.

Civil Action No. 24-2129 (MAS) (JBD)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Maurice M. Young's civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff is a state pretrial detainee currently detained in the Mercer County Correctional Center. (ECF No. 1 at 1-2.) Plaintiff's current claims arise out of his arrest on unspecified charges on September 22, 2021, by members of the New Jersey Department of Corrections Special Investigation Division, led by Defendant Schlusselfeld. (*Id.* at 4-8.) Although Plaintiff does not

specify the nature of the charges against him, it appears from the arresting officers' employer and Plaintiff's references to a prior period of incarceration ending in 2019 that that incident may have been related to a prior prison stay or a parole issue. In any event, Plaintiff alleges that Schlusselfeld approached his car with other officers as Plaintiff arrived at work, broke his car window, pointed a firearm at Plaintiff, and placed him under arrest. (*Id.* at 7.) Officers asked for consent to search Plaintiff's car, to which Plaintiff agreed. (*Id.*) They confiscated his phone, searched his vehicle, and transported Plaintiff into their headquarters for questioning without providing *Miranda* warnings. (*Id.*) A complaint warrant was thereafter prepared and filed, at which point Plaintiff was transported to the Mercer County Correctional Center and placed in pre-trial detention, where he has remained because he was denied pre-trial release in several detention hearings. (*Id.*) A year later, Plaintiff's attorney filed a motion to dismiss the unspecified "main" charge for which he was arrested, at which point a superseding indictment was filed that dropped this "main" charge but charged Plaintiff with a number of other violations. (*Id.* at 7-8.) Although Plaintiff contends in his complaint that evidence was fabricated against him, that officers lacked probable cause to charge or arrest him, and that the charge against him is false, he does not detail the nature of his charges, nor does he provide any factual allegations to support these legal conclusions. (*Id.*)

## II.     **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

In his complaint, Plaintiff first seeks to raise false imprisonment and false arrest claims against the officers who arrested him and others he alleges "conspired" with those officers. False arrest and false imprisonment are two halves of the same coin and share the same basic elements—

that the defendants arrested or confined the plaintiff without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment). In order to plead a conspiracy, a plaintiff must in turn plead the elements of such a conspiracy—agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim," *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012), and a plaintiff may not show a conspiracy by merely asserting that two parties' actions had the same result or were the result of even "conscious parallelism" without specific allegations of agreement and concerted action as to each defendant. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015).

Here, although Plaintiff in conclusory fashion asserts that various Defendants conspired against him, he pleads no facts regarding their agreement to concoct evidence, falsely arrest him, or falsely imprison him. Plaintiff likewise pleads no facts to support his conclusory allegation that the charges against him were without cause. Plaintiff does not specify the nature of the charge, the basis for his arrest, or provide any other detail as to the events leading to his arrest. That the unspecified "main" charge against him was replaced with alternative charges in a superseding indictment does not in and of itself indicate any lack of probable cause. It at most suggests a change in prosecutorial strategy. The replacement charges could just as easily be more severe alternatives to the dropped "main charge" as they could be lesser charges. Because Plaintiff has pled no facts supporting either lack of probable cause or a conspiracy, his false arrest and false imprisonment claims must be dismissed without prejudice at this time.

Plaintiff's false arrest and false imprisonment claims, as well as the state law assault and battery claims Plaintiff seeks to raise based on the broken car window incident, face an additional hurdle—they appear to be time barred. Both § 1983 actions and state law tort actions share the

same two-year statute of limitations in New Jersey.  *See, e.g.*, *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).  While the assault and battery claims accrued at the time of the incident in question, the false arrest and false imprisonment claims accrued when Plaintiff was charged and held over in formal custody.  *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  According to Plaintiff's own complaint, he was charged on the date of his arrest, in September 2021, and swiftly received multiple custody hearings at which he was denied release shortly thereafter in late 2021.  Plaintiff did not file his complaint in this matter until at least March 4, 2024, the date on which his IFP application filed with the complaint was signed by prison officials and the earliest date on which he could have handed his complaint over for filing.  As more than two years passed between Plaintiff's arrest and custody hearings in 2021 and his filing of this matter in March 2024, these claims appear untimely on their face, and must be dismissed without prejudice for that reason as well.

In his final two claims, Plaintiff seeks to raise claims for malicious prosecution and the fabrication of evidence.  A malicious prosecution claim, however, requires a plaintiff to not only plead that the officers lacked probable cause to charge him with a crime, but also that the criminal proceedings terminated in the plaintiff's favor.  *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).  As with his false arrest and imprisonment claims discussed above, Plaintiff provides only conclusory allegations of a lack of probable cause and provides no factual allegations to support those conclusions.  Plaintiff's complaint likewise does not actually plead favorable termination.  Although Plaintiff pleads that his "main" charge was dropped with the filing of a superseding indictment, he does not plead that all of the original charges against him were dropped, or facts which would suggest that the filing of a superseding indictment—a signifier of ongoing prosecutorial action—is a termination in his favor.  Plaintiff has thus failed to plead a

lack of probable cause or favorable termination, and his malicious prosecution claim must therefore be dismissed without prejudice at this time.

Plaintiff's fabricated evidence claim fares no better.  Although the Third Circuit has recognized a standalone claim for the use of fabricated evidence at a criminal trial, that claim requires not only that evidence be fabricated, but also that it be used at the plaintiff's criminal trial and be "so significant that it could have affected the outcome of his trial." *Halsey*, 750 F.3d at 295.  Plaintiff has failed to identify what evidence he believes was fabricated, and he has not yet gone to trial.  As such, Plaintiff cannot successfully plead a fabricated evidence claim at this time. Plaintiff's complaint shall therefore be dismissed in its entirety for failure to state a claim upon which relief may be granted.[1]  Plaintiff shall be granted leave to file an amended complaint within thirty days.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff briefly alleges that he was questioned without *Miranda* warnings, although he does not clearly state that he intends to raise a claim on that basis.  Even if Plaintiff did intend to raise such a claim, however, *Miranda* is a prophylactic rule.  A constitutional violation of a plaintiff's rights against self-incrimination requires not only that he be questioned without sufficient warnings, but also that his statements be used against him *at trial*.  *See Chavez v. Martinez*, 538 U.S. 760, 773 (2003); *Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003); *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994); *see also Large v. County of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009). Because Plaintiff does not plead that any statements were taken or used against him at trial, he has failed to plead a violation of his rights with respect to questioning without proper warnings, even if he intended that allegation to form a separate claim for relief.