NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAURICE M. YOUNG,

    Plaintiff,

v.

MATTHEW SCHLUSSELFELD, *et al.*,

    Defendants.

Civil Action No. 24-2129 (MAS) (JBD)

OPINION

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Maurice M. Young's ("Plaintiff") amended complaint. (ECF No. 5.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, the Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court shall dismiss Plaintiff's amended complaint in its entirety. Plaintiff's claims are either time barred, have yet to accrue, or fail to state a claim upon which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a state pretrial detainee currently detained in the Mercer County Correctional Center. (ECF No. 5 at 1-2.) Plaintiff's current claims arise out of his September 22, 2021, arrest on conspiracy, recruitment, and assault related charges by members of the New Jersey Department of Corrections Special Investigation Division, led by Defendant Schlusselfeld. (*Id.* at 7-10.) On

that date, Schlusselfeld and other personnel approached Plaintiff's vehicle after he drove to work, broke the vehicle's window, drew weapons on Plaintiff, and arrested him. (*Id.* at 7.) Plaintiff alleges that they thereafter searched Plaintiff's car after he signed a consent for the search. Officers, however, also seized Plaintiff's phone and searched it without his permission. (*Id.* at 8.) Defendants subsequently filed charges against Plaintiff related to a prison incident, including charges for aggravated assault, conspiracy, gang criminality, and solicitation/recruitment. (*Id.*) Plaintiff was arraigned and immediately placed into pretrial detention. (*Id.*)

Plaintiff was assigned several pool attorneys who filed motions on his behalf, but those motions have yet to bear fruit. (*Id.* at 8-10.) In April 2023, Plaintiff was presented with a superseding indictment that included racketeering, conspiracy to commit aggravated assault, solicitation, recruitment, and gang criminality charges. (*Id.*) Based on the information provided, it appears that the substantive change between the two indictments was the change of direct aggravated assault charges into conspiracy charges, and the addition of racketeering charges. (*Id.*) Plaintiff remains incarcerated at this time, and his motions to dismiss have yet to be heard. (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's amended complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

As in his original complaint, it appears that Plaintiff wishes to raise claims for false arrest, false imprisonment, illegal searches, fabricated evidence, and malicious prosecution against the named Defendants. It appears that Plaintiff also seeks to raise state law tort claims, including assault and battery claims. As the Court previously explained to Plaintiff, however, all of his

non-malicious prosecution and fabricated evidence claims are time barred. As previously explained to Plaintiff,

> [b]oth § 1983 actions and state law tort actions share the same two-year statute of limitations in New Jersey. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). While the assault and battery charges accrued at the time of the incident in question, the false arrest and false imprisonment charges accrued when Plaintiff was charged and held over in formal custody. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). According to Plaintiff's own complaint, he was charged the date of his arrest, in September 2021, and swiftly received multiple custody hearings at which he was denied release shortly thereafter in late 2021. Plaintiff did not file his complaint in this matter until at least March 4, 2024, the date on which his IFP application filed with the complaint was signed by prison officials and the earliest date on which he could have handed his complaint over for filing. As more than two years passed between Plaintiff's arrest and custody hearings in 2021 and his filing of this matter in March 2024, these claims appear untimely on their face, and must be dismissed without prejudice for that reason as well.

(ECF No. 3 at 4-5.) Despite being given the opportunity to do so, Plaintiff has presented no argument or basis for the tolling of the statute of limitations as to his non-malicious prosecution and fabricated evidence claims. It thus appears that these claims are time barred, and must be dismissed without prejudice as a result. It is unclear whether Plaintiff knew that he was required to present a basis for tolling to pursue these claims. The Court, therefore, will provide Plaintiff one final opportunity to present any basis for tolling he may have. Failure to do so will result in these claims being dismissed with prejudice as time barred.

Plaintiff also seeks to raise claims for malicious prosecution and the fabrication of evidence. As this Court previously explained to Plaintiff, however, malicious prosecution claims may only be brought in a civil rights action *after* that action terminated in the plaintiff's favor. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 295-97 (3d Cir. 2014). Because Plaintiff's proceedings are ongoing and his motions to dismiss have yet to bear fruit, his criminal proceedings have not

terminated favorably. Plaintiff's claims must therefore be dismissed without prejudice at this time. *Id.* Likewise, a fabricated evidence claim requires that the false evidence be used against the plaintiff at a criminal trial, and that the evidence have a deleterious effect on that trial. *Id.* at 295. Plaintiff's charges have yet to go to trial and he does not allege that any fabricated evidence was used against him. At this time, therefore, Plaintiff's claims fail to state a claim upon which relief may be granted. Plaintiff's malicious prosecution and fabricated evidence claims shall therefore be dismissed without prejudice at this time. Plaintiff shall be granted leave to file an amended complaint within thirty days.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE